UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIGNITY HEALTH,<br><br>    Plaintiff,<br><br>    v.<br><br>ARAMARK HEALTHCARE SUPPORT SERVICES, LLC,<br><br>    Defendant. | Case No. 18-cv-07433-JD<br><br>**ORDER RE MOTION TO SEAL**<br><br>Re: Dkt. No. 28 |

This order resolves plaintiff Dignity Health's unopposed request to file a "Master Service Agreement" ("MSA") under seal. Dkt. Nos. 28, 31. The request is denied.

The Court evaluates a sealing request in light of whether it was made in connection with a dispositive or non-dispositive motion. For dispositive motions, the historic "strong presumption of access to judicial records" fully applies, and a party seeking sealing must establish "compelling reasons" to overcome that presumption. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). This standard presents a "high threshold," and "a 'good cause' showing will not, without more, satisfy" it. *Id.* at 1180 (citations omitted). When ordering sealing in this context, the district court must also "articulate the rationale underlying its decision to seal." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011).

The non-dispositive motion context is different. In that context, "the usual presumption of the public's right of access is rebutted," "the public has less of a need for access to court records," and "the public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force." *Kamakana*, 447 F.3d at 1179 (citations omitted). Such materials may be sealed where the party seeking sealing makes a "particularized showing" under

the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id.* at 1180 (quoting *Foltz*, 331 F.3d at 1135, 1138).

Under either standard, generic references to a "general category of privilege, without any further elaboration or any specific linkage with the documents, do[] not satisfy the burden." *Kamakana*, 447 F.3d at 1184. Similarly, "an unsupported assertion of unfair advantage to competitors without explaining how a competitor would use the information to obtain an unfair advantage is insufficient." *Ochoa v. McDonald's Corp.*, No. 14-CV-02098-JD, 2015 WL 13063803, at *1 (N.D. Cal. Aug. 11, 2015) (internal quotation omitted).

In addition, all parties requesting sealing in this district must comply with Civil Local Rule 79-5, including that rule's requirement that the sealing request must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law" (*i.e.*, is "sealable"). Civil L.R. 79-5(b). The request must also "be narrowly tailored to seek sealing only of sealable material." *Id.*

Whether the dispositive or non-dispositive motion standard is applied, sealing is not appropriate. That is because Dignity Health offers only a generic reason for sealing, and makes no effort to narrowly tailor the request to truly sensitive information.

Consequently, sealing of the MSA is denied. Dignity Health is directed to file an unredacted copy of the MSA in the public docket by January 2, 2020.

**IT IS SO ORDERED.**

Dated: December 23, 2019

JAMES DONATO
United States District Judge